UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BIANCA NEALY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 15-cv-10414
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [20], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation (Dkt. 20) that Plaintiff Bianca Nealy's Motion for Summary Judgment (Dkt. 17) be denied and Defendant Commissioner's Motion for Summary Judgment (Dkt. 18) be granted. Nealy filed timely objections (Dkt. 21) to which the Commissioner responded (Dkt. 22). For the reasons set forth below, the Magistrate Judge's Recommendation is ACCEPTED and the Report is ADOPTED. Accordingly, the Court will AFFIRM the findings of the Commissioner.

**I. BACKGROUND**

Nealy applied for Disability Insurance Benefits and Supplemental Social Security Income on March 16, 2012, alleging an onset date of January 1, 2011. (Tr. at 14.) Her claims were initially denied on July 30, 2012, and she requested an administrative hearing. (Tr. at 25.) She appeared at the hearing without an attorney. (*Id.*) The ALJ found that Nealy was not disabled on September 13, 2013. (Tr. at 11.) The Appeals Council denied review on December 5, 2014. (Tr. at 1.) Nealy, represented by an attorney, filed suit in this Court on January 30, 2015. (Dkt. 1.) Magistrate Judge Whalen entered his Report and Recommendation on February 12, 2016. (Dkt.

20.) Nealy timely filed objections to the Report (Dkt. 21) and the Commissioner responded (Dkt. 22). The matter is now ready for disposition.

## II.  STANDARD OF REVIEW

This Court performs a de novo review of those portions of Magistrate Judge Whalen's Report and Recommendation to which the Commissioner has objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-cv-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (explaining that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Under this standard, the Court affirms the ALJ's decision if it is supported by substantial evidence even if the evidence could support a different conclusion. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

**III. ANALYSIS**

The magistrate judge found that the ALJ properly discharged her heightened duty to develop the record given Nealy's *pro se* status at the hearing, and made a proper credibility determination with respect to Nealy's reports of pain. Nealy takes issue with the first finding, arguing that the ALJ's records requests were inadequate to cover her medical history, and that the magistrate judge's conclusion that her later-retained counsel could have obtained those records does not bear on whether the ALJ properly discharged her duty. (Obj. at 6.)

The ALJ "does not act as counsel. He acts as an examiner charged with developing the facts." *Richardson v. Perales*, 402 U.S. 389, 410 (1971). "There is no bright line test for determining when the administrative law judge has assumed the role of counsel or failed to fully develop the record. The determination in each case must be made on a case by case basis." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983). When a claimant is without counsel, the ALJ has a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kelly v. Apfel*, 166 F.3d 1214 (6th Cir. 1998) (table) (quoting *Lashley*, 708 F.2d at 1052)); *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002).

The Seventh Circuit has commented,

> While the ALJ has a heightened duty to make sure that the record is developed when a claimant is unrepresented, how much evidence to gather is a subject on which we generally respect the Secretary's reasoned judgment. Moreover, a significant omission is usually required before this court will find that the Secretary failed to assist *pro se* claimants in developing the record fully and fairly.

*Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994). The ALJ's duty to develop the record may include requesting medical records from the claimant's treating physicians. *See, e.g.*, *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995); *Poulin v. Bowen*, 817 F.2d 865, 871 (D.C. Cir.

3

1987). Indeed, "[f]ailure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation." *Vaca v. Comm'r of Soc. Sec.*, No. 1:08-cv-653, 2010 WL 821656, at * 6 (W.D. Mich. Mar. 4, 2010). "In determining whether it is necessary to remand for a clarification of the record, the court is guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Starkey v. Comm'r of Soc. Sec.*, No. 1:06-cv-693, 2008 U.S. Dist. LEXIS 117861, at *8 (W.D. Mich. Jan. 4, 2008) (citations omitted).

In this case, Nealy waived her statutory right to counsel in writing before the hearing, was informed of the implications of that waiver at the hearing, and confirmed that she wanted to proceed without representation. (Tr. at 29–31.) However, the record also shows that Nealy did not have a high school diploma. (Tr. 39–40.) The Magistrate Judge applied the heightened duty to the ALJ (R. & R. at 12), though he did not explicitly analyze whether Nealy was "capable of presenting an effective case" or "unfamiliar with hearing procedures." *Nabours*, 50 F. App'x at 275.

At the beginning of the hearing, Nealy informed the ALJ that some medical documents were missing from her file:

> Q: Where are those—where have you been treating? Where do you want records obtained from?
>
> A: It was St. John, I want to say Macomb. It's on DeQuinder [PHONETIC] and Lattimore [PHONETIC]. . . . That was like—that's like the main source that has like basically everything from where it started and, you know, everything.
>
> Q: Okay. And how long ago did you start treating there?
>
> A: . . . I want to say 2008.
>
> Q: Okay. And where else have you treated that you want records from?

>A: I don't—well, I don't know, the dermatologist is the one that diagnosed me with my condition.
>
>. . .
>
>Q: Okay. Who is that? Who is your dermatologist?
>
>A: . . . I can't even remember her name. . . . Oh, Heidelberg, Karen Heidelberg.
>
>. . .
>
>Q: Any other places you've been treating at?
>
>A: . . . Dr. Potter, he's on Seven Mile and Warwick . . . Dr. Kyle . . . on Seven Mile [and] Shaeffer [PHONETIC].

(Tr. at 33–35.) The ALJ told Nealy that she would "leave the record open for 30 days for Social Security to update the records. . . . we'll use [your signed release] to get those records for you." (*Id.* at 35.)

It appears that the ALJ did request records from these providers, but that the requests did not yield any new information. A February 22, 2013 request to Dr. Heidelberg was returned with the annotation "I have no information on this patient." (Tr. at 356.) A May 16, 2013 request to Midwest Medical Center on Shaefer Road in Dearborn, Michigan, for "All Medical Records from January 11, 2011 to Present" was returned with the comment "not a patient[.]" (Tr. at 358.) Finally, a request to St. John Macomb-Oakland Hospital was returned with the note, "Unfortunately we will not be able to comply with your request due to the following: Patient was not seen at this facility." (Tr. 362.)

Nealy points out that the requests may have been sent to the wrong providers. Without citing any authority, she argues that the denial letters should have been a sign to look elsewhere, not proceed to a decision. However, she does not say where else the requests should have been sent, nor did she provide any further information on these providers at any time during the

5

proceedings. And even at this stage, where she is represented by counsel, she offers no description of what the records might say or where they are located. The Court can find no authority demanding that the ALJ continue a search for records without any other indication of where to look. *See Vaca*, 2009 U.S. Dist. LEXIS 125529, at *15 ("[T]he ALJ is not required, when confronted with an unrepresented claimant, to factually develop matters regarding which he has no notice."). The Court finds that by requesting treatment records from facilities that fit Nealy's descriptions of where she was treated, the ALJ fulfilled her duty to develop the record.

Relatedly, Nealy says that the ALJ should have ordered a consultative mental health exam pursuant to 20 C.F.R. § 404.1519a. That regulation provides that if the Commissioner "cannot get the information we need from your medical sources, we *may* decide to purchase a consultative examination." *Id.* (emphasis added). The Commissioner "may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." 20 CFR 404.1519a(b).

At the hearing, Nealy mentioned that she struggled with "depression . . . I have the headaches every day and I struggle . . . It is depressing, but I don't want my husband to think that, you know, something is really wrong, you know, like I'm really crazy or something. . . . But I'm going through this because it's stressful." (Tr. at 55.) The ALJ did not inquire whether Nealy was being treated for depression. However, none of the medical records indicate that Nealy had ever sought treatment for depression. And Nealy did not list depression or any other mental health concern on her application for benefits. (Tr. at 193.) The ALJ was not obligated to order a consultative examination in these circumstances. *Cf. Hawkins v. Chater*, 113 F.3d 1162, 1164 n.2 (10th Cir. 1997) (holding that the issue of a claimant's depression was properly before the ALJ

6

because while the claimant did not list depression in her application, her records clearly indicated treatment for depression with counseling and psychotropic medications).

## IV. CONCLUSION

The Court finds that the ALJ properly discharged her duty to develop the record in this case. Accordingly, the Court OVERRULES Nealy's objection (Dkt. 21) and ADOPTS the Report and Recommendation (Dkt. 20). Nealy's Motion for Summary Judgment (Dkt. 17) is DENIED and the Commissioner's (Dkt. 18) is GRANTED. The Commissioner's findings are AFFIRMED.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 10, 2016.

s/Jane Johnson  
Case Manager to  
Honorable Laurie J. Michelson